# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DENNIS L. THOMAS,** : | No. 3:08cv242 |
|     **Plaintiff** : | |
| : | (Judge Munley) |
|     v. : | |
| : | |
| **MATT COMERFORD,** : | |
| **JOHN PATORACK,** : | |
| **JOSEPH P. KALINOWSKI,** : | |
| **LACKAWANNA PUBLIC** : | |
| **DEFENDER'S OFFICE,** : | |
|     **Defendants** : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Before the court is plaintiff's complaint and motion to proceed *in forma pauperis*, which we give a preliminary screening pursuant to 28 U.S.C. § 1915(d).

**Background**

On February 7, 2008, the plaintiff filed a complaint pursuant to 42 U.S.C. § 1983 against the Lackawanna County Public Defender's Office and the individual defendants, who are all public defenders for the County. The complaint alleges that plaintiff was arrested in April 2005 and held in the Lackawanna County jail pending trial. Unable to afford an attorney, plaintiff received legal representation through the Public Defender's Office. He contends that his attorneys never presented him with any discovery related to his case, never submitted any pre-trial motions, and served mainly as advocates for a plea agreement offered by the County. This lack of information, plaintiff insists, caused him to make an uninformed decision about his

plea. He pled guilty and was sentenced on December 22, 2005. Plaintiff alleges that his attorneys' indifference to his case denied him his constitutional right to effective assistance of counsel. Plaintiff also alleges that his lack of access to discovery undermined his right to pursue post-conviction relief. Plaintiff does not specify the type of relief he seeks, other than to inform the court that he raises claims against the individual defendants both in their official and individual capacities.

Our initial screening of the complaint noted that plaintiff had made no complaints about the conditions of his confinement, though he raised his claim under 42 U.S.C. § 1983. Accordingly, on February 26, 2008 we issued a notice of election that required the plaintiff to declare whether he intended to bring his claim under the federal habeas corpus statute or under some other authority. Plaintiff had forty-five days in which to return the notice of election, or the court proposed to consider his complaint as filed. That period has passed. Plaintiff did not return the notice, and we will therefore consider the complaint pursuant to 42 U.S.C. § 1983.

**Jurisdiction**

Plaintiff brought this action pursuant to 42 U.S.C. § 1983. As such, we have jurisdiction pursuant to 28 U.S.C. § 1331. ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

**Legal Standard**

Under 28 U.S.C. § 1915(d), we are permitted "to consider whether an *in forma pauperis* complaint is frivolous or malicious before authorizing issuance of the summons and service of the complaint." Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996). We may "dismiss as frivolous claims based on an indisputably meritless legal theory and whose factual contentions are clearly baseless." Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990). We undertake such an evaluation before service of the complaint.

**Discussion**

Under federal law, "[i]f a prisoner challenges 'the fact or length of confinement,' then his sole federal remedy is a writ of habeas corpus, 28 U.S.C. §§ 2254, 2255, but if the prisoner is challenging only 'the conditions of his confinement,' the claim may be pursued under 42 U.S.C. § 1983." Tedford v. Hepting, 990 F.2d 745, 748 (3d Cir. 1993). To determine whether plaintiff's complaint is indisputably meritless and thus subject to dismissal pursuant to 28 U.S.C. § 1915(d), we must therefore examine the allegations of the complaint and determine whether plaintiff challenges the conditions of his confinement or the existence of that confinement itself.

Here, the allegations in plaintiff's complaint are that he did not receive proper assistance from his public defenders prior to his plea and sentencing in a criminal matter in Lackawanna County, Pennsylvania. Plaintiff alleges that his public defenders never came to see him for a substantive discussion of his case while he

3

was in jail awaiting trial. The lawyers never properly explained the charges to him, and never engaged in any meaningful discovery. Plaintiff alleges that these public defenders never even explained the evidence against him. Indeed, he argues that his public defenders assisted prosecutors in convincing him to plead guilty to the charges by using "scare tactics" and by refusing to obtain useful information in discovery. Such behavior, the complaint insists, amounted to ineffective assistance of counsel. Plaintiff also contends that his lawyers' failings prevented him from pursuing his state-law rights after conviction.

Plaintiff clearly challenges the facts or length of his confinement in this action, and not the conditions of that confinement. He seeks to have the court rule that he was forced, through incompetent counsel and improper court rulings, to plead to a charge of which he was innocent. In such a situation, plaintiff's remedy would be release or a new trial, and thus his action is in the nature of *habeas*, not the sort of claim available under Section 1983. Since plaintiff brought his action under Section 1983 and challenges the fact of his confinement, his complaint is indisputably meritless, and we will dismiss it as frivolous. An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DENNIS L. THOMAS,** | : | No. 3:08cv242 |
| **Plaintiff** | : | |
| | : | (Judge Munley) |
| **v.** | : | |
| | : | |
| **MATT COMERFORD,** | : | |
| **JOHN PATORACK,** | : | |
| **JOSEPH P. KALINOWSKI,** | : | |
| **LACKAWANNA PUBLIC** | : | |
| **DEFENDER'S OFFICE,** | : | |
| **Defendants** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## ORDER

**AND NOW**, to wit, this 15th day of April 2008, the plaintiff's complaint (Doc. 1) is hereby **DISMISSED** as frivolous pursuant to 28 U.S.C. § 1915(d).  The plaintiff's motion to proceed *in forma pauperis* (Doc. 5) is **GRANTED** solely for the purpose of preliminary review of his complaint.  The Clerk of Court of Court is directed to **CLOSE** the case.

                                                    **BY THE COURT:**

                                                    **s/ James M. Munley**
                                                    **JUDGE JAMES M. MUNLEY**
                                                    **UNITED STATES DISTRICT COURT**